**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6599**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

WINDELL LONG,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:02-cr-01281-TLW-1)

Submitted:  February 10, 2011        Decided:  February 17, 2011

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Windell Long, Appellant Pro Se. Rose Mary Sheppard Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Windell Long seeks to appeal the district court's order treating his motion for reconsideration filed under Fed. R. Civ. P. 59 (e) & 60(b) as a successive 28 U.S.C.A. § 2255 (West Supp. 2010) motion, and dismissing it on that basis. The district court found that Long's 28 U.S.C.A. § 2255 motion was untimely. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. United States v. Long, No. 4:02-cr-01281-TLW-1 (D.S.C. Sept. 25, 2009; Feb. 22, 2010). To the extent the motion for reconsideration was an attempt to file a successive 28 U.S.C.A. § 2255 motion, Long did not receive authorization from this court. Therefore, additionally, we construe Long's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral

2

review.  28 U.S.C.A. § 2255(h) (West Supp. 2010).  Long's claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED